No. 45,486

Everett McDowell, *Appellee*, v. Lee Paynter d/b/a Sunflower Insulation and Termite Control, and Western Casualty & Surety Company, *Appellants.*

(451 P. 2d 227)

Opinion filed March 8, 1969.

*Larry L. Kopke,* of Great Bend, argued the cause and was on the brief for the appellants.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *Lee Turner* and *Max E. Eberhart,* both of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: This is a workmen's compensation case.

Respondent-employer and its insurance carrier have appealed from a lump-sum judgment entered pursuant to K. S. A. 44-512a.

The specific questions will appear as the facts are related.

Claimant workman sustained a compensable accidental injury on August 22, 1966. An award was entered on October 14, 1966, based on temporary total disability and it provided for weekly payments of $42.00 for 415 weeks. Respondents were further ordered to furnish medical treatment by Dr. Reiff Brown in an amount not to exceed $6,000.00.

No question is raised as to the propriety of the award.

K. S. A. 44-512a. provides that if any compensation awarded or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and written demand for payment has been made and payment of such demand is thereafter either refused or not made within 20 days from the date of service of such demand, the entire amount of compensation awarded shall

become immediately due and payable and the employee or other person entitled thereto may maintain an action for the collection of such amount.

On October 25, 1966, claimant, through his counsel, made written demand on respondents for "payment of all compensation and all other obligations under the award" of October 14, 1966.

This action was filed on January 13, 1967. On May 8, 1968 the court found that all medical charges of Dr. Brown due on the date of the demand were not paid within 20 days thereafter, and entered judgment for claimant in the full amount then found to be due—$15,225.00. This appeal followed.

Disposition of this case depends upon the construction to be placed on Dr. Brown's charges as shown on a statement rendered by him which appears as Exhibit B in the record.

This statement lists charges totaling $173.00 with a credit of $23.00 for a payment made on October 24, leaving a balance due of $150.00 as of October 25—the date of the demand. The record further shows that on November 7—which was within the 20-day period—respondents paid to Dr. Brown, $127.00—which, according to claimant—left a balance due of $23.00—and it is contended this came about because respondents erroneously took credit a second time for the $23.00 payment of October 24.

Although immaterial to the case, it should be stated that an additional $10.00 charge was made on November 18 which increased the balance due to $33.00. This amount was paid in full on December 6, which was after the 20-day period had expired.

In support of the trial court's judgment that all charges of Dr. Brown were not paid in full within 20 days after the demand, claimant contends the statute (K. S. A. 44-512a.) is to be strictly construed and that mistake or inadvertence is no defense (*Miller v. Massman Construction Co.*, 171 Kan. 713, 237 P. 2d 373; *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 664, 665, 313 P. 2d 267).

Respondents—on the other hand—contend that except for a $20.00 charge, all other bills of Dr. Brown were not received by them until after their receipt of the demand for payment. Their other contention concerns the item of "deposition expense".

The statement rendered by Dr. Brown and heretofore referred to as Exhibit B, included a $50.00 charge for his deposition taken on October 6, 1966. The award of October 14 was based largely upon the medical testimony as to claimant's injuries contained in

this deposition. We believe the fact to be immaterial—but the record does not show at whose instance the deposition was taken.

As here material—K. S. A. 44-510, which fixes the amount of compensation to be awarded in a given case—provides that it shall be the duty of the employer to provide the services of a physician or surgeon, and such medical, surgical and hospital treatment, including nursing, medicine, medical and surgical supplies, ambulance, crutches, apparatus, and so forth, as may reasonably be necessary to cure and relieve the workman of the effects of his injury, but that the cost thereof shall not be more than $6,000.00.

K. S. A. 44-553 and 44-554 have reference to witness fees and the taking of depositions in proceedings before the workmen's compensation director.

K. S. A. 44-573 provides that the director may adopt and promulgate such rules and regulations as he shall deem necessary for the purposes of administering and enforcing the provisions of the workmen's compensation act. Pursuant to such authority, Rule 51-9-7 of the director, relating to "Medical fee schedules", includes (9078) a charge for "appearance in court for expert testimony". (In passing—we see no material distinction between a doctor testifying by deposition and appearing in open court.)

The rule is that the furnishing of medical aid to an injured employee is payment of compensation within the meaning of the act, and that an award providing for payment of medical expenses for the care and treatment of an injured employee is an award of compensation as that term is used in K. S. A. 44-512a. to the same extent as the provision in the award for weekly payments of compensation (*Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168).

This leads, then, to the question whether the deposition fee of $50.00 charged by Dr. Brown falls within the scope of K. S. A. 44-510 providing for the furnishing of medical treatment to an injured workman. In other words—is such a fee to be considered as "compensation"—the nonpayment of which would support an action under K. S. A. 44-512a. for a lump-sum judgment?

In our opinion it is not.

With respect to the director's Rule 51-9-7 above referred to—it appears merely to be a "medical fee schedule" adopted and promulgated pursuant to a further provision of K. S. A. 44-510 to the effect that all medical charges shall be fair and reasonable and subject to regulations by the director.

This decision is not to be construed as holding that respondents were not liable for the payment of costs—including witness (deposition) fees—in the hearing before the director (examiner). That question is not before us. The extent of our holding is that the deposition (witness) fee of the doctor was not a charge for "medical treatment" within the meaning of K. S. A. 44-510 and therefore was not "compensation". Respondents' failure to pay such charge in full within the 20-day "demand" period therefore did not provide a basis for bringing an action under K. S. A. 44-512a. for a lump-sum judgment.

Application of what has been said brings about this obvious result—

As of October 25, 1966—the date of the demand—there was a balance of $150.00 due to Dr. Brown. Included in that balance, however, was the $50.00 charge for his deposition. Deducting that amount left a balance of $100.00 for medical treatment such as office and hospital calls, examinations, and the like. On November 7, 1966, respondents paid to the doctor $127.00. Therefore—all charges for medical treatment (compensation) owed as of the date of the demand—were paid within 20 days from the date thereof. The requirements of K. S. A. 44-512a. being complied with—there was no basis for the bringing of this action under that statute.

The judgment is therefore reversed with directions to vacate and set it aside.