(598 P.2d 544)

No. 50,736

ROBERT I. MORRIS, *Appellant,* v. BOARD OF PUBLIC UTILITIES OF KANSAS CITY, KANSAS, *Appellee.*

Opinion filed July 20, 1979.

*Robert B. Wareheim,* of McCullough, Wareheim & LaBunker, of Topeka, for the appellant.

*Thomas M. Van Cleave, Jr.,* of McAnany, Van Cleave & Phillips, P.A., of Prairie Village, for the appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from an order of modification of a workmen's compensation award. The claimant Robert I. Morris was employed by the respondent Board of Public Utilities of Kansas City, Kansas, as a painter. On February 10, 1970, claimant suffered multiple injuries which ultimately resulted in a compensation award rendered May 29, 1973. The examiner's award was sustained by the director on July 19, 1973, and was affirmed on appeal to the district court on September 3, 1974. The original award included compensation for a ten percent permanent partial disability, plus payment for past medical and hospital expenses. No appeal was taken from that judgment.

Claimant filed an application for modification and review of the original award on September 25, 1974, seeking compensation for chiropractic treatment he began receiving over one year after his medical release from the original injury. This application resulted in an order for modification made by the examiner on July 25, 1977, and affirmed by the director on August 31, 1977. Upon appeal to the district court of Wyandotte County on De-

cember 13, 1978, the award was reversed to the extent that it provided compensation for unauthorized past medical services of Dr. Farrell and the University of Kansas Medical Center incurred by the claimant after the entry of the original award. Claimant appeals from this order.

The three alleged grounds of error are: (1) the court erred as a matter of law in relying upon K.A.R. 1975 Supp. 51-9-10(3) as a basis for denial of the modification and review award for additional medical compensation; (2) the court erred as a matter of law in failing to order respondent to assume its statutorily imposed affirmative obligation to supply medical treatment to claimant; (3) the court erred as a matter of law in strictly interpreting the provisions of the workmen's compensation act. The main issue on appeal may, however, be expressed more succinctly as whether the respondent-employer should be responsible for the past medical expenses sought in the claimant's application for modification and review.

In the award of modification and review, the examiner found that there was no substantial competent evidence that the claimant's disability had increased since the original award was entered on May 29, 1973, and therefore determined that award should stand as entered. However, the examiner allowed compensation for additional past medical expenses, most notably for treatment by H. F. Farrell, D.C., in the amount of $2,264. In a somewhat cryptic order, the workmen's compensation director affirmed the order of the examiner and stated that the main issue was whether the medical treatment received at the University of Kansas Medical Center and from Dr. Farrell was authorized. The director noted that it was uncontroverted that the claimant and Dr. Farrell had notified both the foreman and the personnel department of the Board of Public Utilities that the claimant was undergoing chiropractic treatment for an ulcerated left leg that was an outgrowth of his original injury. The award further provided:

"The issue is certainly not one-sided in this case, however, the Director will award the medical expenses of Dr. Farrell to be paid by the respondent, a self-insured."

and also authorized payment of other medical expenses sought by the claimant. The claimant was admonished, however, that any future medical expenses sought would be awarded "on the basis of 'on application only.' In other words, if the claimant wishes to

seek any further medical treatment to be paid for by the respondent he should make application to the examiner."

The district court found that although the claimant had notified the respondent that he intended to seek further medical treatment, he did not obtain authorization to do so as contemplated by the director's rule, K.A.R. 1975 Supp. 51-9-10(3). In its second finding the court concluded:

"The application for additional medical treatment should have been made in advance, for liability for such additional treatment cannot be imposed on the employer by application filed after the additional service is rendered. To hold otherwise would deny the employer the opportunity to question the necessity for any additional medical or hospital treatment for claimants."

During the proceedings for modification and review, K.A.R. 51-9-10 has been amended several times, generally pertaining only to the amount for which a claimant may be reimbursed under the "change of physician" section. These amendments are irrelevant to this appeal. Later amendments deleted the change of physician section entirely. However, a similar provision remains in effect in K.A.R. 51-9-4 (1978).

The thrust of claimant's argument, then, is that he is entitled to recover medical expenses for chiropractic treatment obtained without specific authorization of his employer, the Board of Public Utilities, or the workmen's compensation director. Claimant argues that the fact that his employer had actual knowledge of his new medical treatment for recurring injuries related to the original accident was sufficient to impose liability upon it.

Both parties agree that K.S.A. 1978 Supp. 44-528, as amended in July of 1974, provides the correct statutory basis for the claimant's application for modification and review of his original award, despite the fact that the original award was entered prior to its adoption. Claimant received his last medical treatment covered by the original award of compensation in the late summer and early fall of 1972 from Dr. Robert Wright who had performed vein surgery and had authorized him to report to work again in September, 1972. Between the time of his last medical treatment and the summer of 1974, there is no indication that claimant received any medical treatment for the injured leg. Toward the end of that period, however, ulcers began developing upon the leg, impeding his ability to perform his work-related responsibilities. Therefore, claimant first sought help at the Uni-

versity of Kansas Medical Center and later from Dr. Farrell to relieve the ulcerous condition. At no time did he seek prior authorization from his employer or from the director to obtain such treatment. The record does show, however, that as early as July of 1974, the respondent-employer had imputed knowledge that Mr. Morris was seeking treatment from Dr. Farrell, from the claimant who notified his foreman W. D. Gray and from Dr. Farrell who had written Mr. Mack, the personnel director of the Board of Public Utilities. Although the respondent did arrange for an examination of claimant by Dr. Nothnagel, the company doctor, on August 9, 1974, the employer did not in any way offer to provide any other medical service. Because the claimant believed he was obtaining relief from the chiropractic treatments, he continued to receive them on a daily basis for nearly 189 days.

K.S.A. 1978 Supp. 44-528 provides as follows:

"(a) Any award or modification thereof agreed upon by the parties, whether said award provides for compensation into the future or whether it does not, may be reviewed by the director for good cause shown upon the application of the workman, employer, dependent, insurance carrier or any other interested party. In connection with such review the director may appoint one (1) or two (2) physicians to examine the workman and report to the director. The director shall hear all competent evidence offered and if he shall find that the award has been obtained by fraud or undue influence, or that the award was made without authority, or as a result of serious misconduct, or that the award is excessive or inadequate or that the incapacity or disability of the workman has increased or diminished, the director may modify such award, or reinstate a prior award, upon such terms as may be just by increasing or diminishing the compensation subject to the limitations provided in the workmen's compensation act."

The crux of this case revolves around the above statutory section. Specifically, does K.S.A. 1978 Supp. 44-528(a) allow recovery of past medical expenses incurred by an employee who had received an original award of compensation for a job-related injury and who has since obtained additional medical care without any type of prior authorization or without any provision in the original award for future medical expenses?

From a review of the statutory language itself, it is clear that there is no express time limit for reviewing an original award and that such review can be had whether that award allowed future compensation or not. Further, the authority to request a review is extended to the workman and the employer alike for good cause shown so that both parties are potential beneficiaries under the statute. The earlier statutory version allowed review only before

the final payment was made under any award. Thus, it appears that the amended version is somewhat more liberal than its predecessor.

Here, the examiner found that the claimant did indeed establish that his condition had worsened since the original award was entered due to recurrence of the ulcerous condition of his left leg. Claimant also proved that there was a connection between the leg condition for which he had been receiving treatment during the summer of 1974 and the original injury. Finally, claimant believed that he was receiving the necessary relief from his medical treatment. The district court did not in any way dispute these findings of the examiner regarding claimant's condition. Its order merely stated that the award was contrary to the applicable law.

There is no clear precedent found in the case law for this action. In fact, this type of situation was seemingly not contemplated by the drafters of the act or the companion administrative regulations. There is no doubt, however, that the purpose of the modification and review statute was to save both the employer and the employee from original awards of compensation that might later prove unjust because of a change for the worse or better in a particular claimant's condition. *Gile v. Associated Co.,* 223 Kan. 739, 576 P.2d 663 (1978); *Hayes v. Garvey Drilling Co.,* 188 Kan. 179, 360 P.2d 889 (1961); *Williams v. Lozier-Broderick & Gordon,* 159 Kan. 266, 154 P.2d 126 (1944). These cases indicate that the statute represents legislative recognition of the difficulty in ascertaining the extent of a claimant's condition at the time of entering an award of compensation, so that at a future date it might become necessary to modify an original award upon a finding that the award was excessive or inadequate. The burden of establishing the changed conditions is on the party asserting them.

Respondent contends, however, that K.S.A. 1978 Supp. 44-528(*a*) can support an award for modification only when there is a finding that the disability of the workman has changed. Since there was a specific finding in this case that the claimant's disability was no different at the time of the hearing on his request for modification and review than it was at the time the original order was entered, respondent asserts that the examiner was without authority to grant relief for the extra medical expenses. A close reading of the statute seemingly refutes the

respondent's contention because the statute is disjunctive, providing that the director may order relief if he finds "that the award is excessive or inadequate or that the incapacity or disability of the workman has increased or diminished." The claimant here did prove a need for further medical treatment because of the ulcerous condition of his left leg. His testimony that the condition worsened and that he received treatment providing relief at both the University of Kansas Medical Center on three occasions and from Dr. Farrell numerous times stands totally uncontroverted. Although the above cited cases discuss only the change in the disability of a particular claimant, their rationale may be appropriately applied to an award for medical expenses arising out of a job-related injury.

Respondent urges that *Ferrell v. Day & Zimmerman, Inc.*, 223 Kan. 421, 573 P.2d 1065 (1978), is dispositive of this case because it proscribes any retroactive relief under a modification of a workman's compensation award. In *Ferrell* claimant suffered a back injury and was awarded temporary total disability for 415 weeks. No appeal was taken from that award. Later, respondent-employer filed an application for modification and review. In reducing the award entered by the examiner, the district court found the claimant's disability had diminished from sixty percent to thirty-five percent and gave the respondent credit for past overpayments made on the larger amount. The Supreme Court explained that modification of a compensation award creates a new award and should not then be used to attack the validity of the prior award of compensation. The court treated compensation payments similarly to child support payments, *i.e.*, such compensatory payments become final judgments when due which cannot later be modified or dissolved by judicial fiat. "Thus, any modification of a workers' compensation award must act prospectively from the time the new award is entered and not retrospectively." p. 423.

The *Ferrell* case was decided after entry of the modified award in the instant action by the examiner and director but before the ruling of the district court on appeal. Respondent argues, therefore, that in order to receive medical payments under an award of modification, the claimant must first seek prior authorization through a hearing and entry of an order. Otherwise, the employer is under no obligation to furnish medical treatment beyond that

required in the original award to an employee whose condition has worsened. Its position is supported by the second finding of the trial court, which appears to be consistent with *Ferrell* although the court does not rely on that case.

Without question *Ferrell* states the general rule that any modification of a workmen's compensation award must receive prospective treatment. However, the decision is limited to a determination of the effective date of a modification of an original award providing compensation for a person's disability percentage, and does not address the modification of an original award to provide for future medical expenses. Here, claimant's percentage of disability is not in issue as it remained the same at the time of the original award; rather, he seeks to recover for the medical costs he incurred to assure that the level of disability established in the original award did not increase. Consequently, we find that *Ferrell* is sufficiently distinguishable from the facts before this court to reject respondent's claim that it is dispositive of this action and controlling principles must be found elsewhere.

The relevant sections of the act also fail to provide a clear direction. K.S.A. 1978 Supp. 44-528, the modification and review section of the act, does not contain the procedural machinery that must be followed to obtain necessary emergency medical treatment at the employer's expense pending a final determination of a modification and review hearing. Respondent, therefore, relies on K.A.R. 1975 Supp. 51-9-10(3) which corresponds to K.S.A. 1978 Supp. 44-510, the statutory section governing original awards, in arguing that the claimant's chiropractic treatment from Dr. Farrell was a "change of physician," and since claimant failed to seek written permission of the respondent to utilize Farrell's services and refused to apply to the director in writing for such change, he cannot now claim compensation for the past treatments. On the other hand claimant urges that this was not a change of physician. Rather, seeking treatment from Dr. Farrell was due to his changed condition necessitating additional medical treatment.

Both positions have considerable merit. It should be noted, however, that the last medical treatment provided by the company was sometime during the late summer or early fall of 1972 when claimant underwent surgery by Dr. Wright, who released him to return to work the early part of September, 1972. Although

the claimant testified at his modification and review hearing that he had been having some trouble with the leg ever since Dr. Wright's treatment, he had not actively sought medical care until the summer of 1974, and his employer had imputed knowledge of his need for additional medical treatment. Since such knowledge is sufficient to sustain compensation for past medical treatment in original awards for compensation (K.S.A. 1978 Supp.44-520; *Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, 356 P.2d 804 [1960]), claimant urges such knowledge should be sufficient in an award of modification and review, especially when the employer failed to provide treatment when it became aware of the claimant's condition.

If an employee is in need of additional medical care after the original treatment has ended and after the original award of compensation has been awarded, any further delay in providing further care could prove detrimental to the employee. An employer waiting for authorization from the director under the change of physician regulation might be tempted to withhold treatment even with notice of the changed condition, if the award was to operate only prospectively. Therefore, the employer would be rewarded for dilatory action in withholding medical treatment. Under the facts of this case, there was absolutely no medical treatment provided by the employer when the adverse effects of the original injury began to flare up, inhibiting the claimant's ability to perform his job. Therefore, this cannot be properly classified as a change of physician situation requiring the claimant to comply with K.A.R. 1975 Supp. 51-9-10(3) or 51-9-4.

Workmen's compensation statutes are to be liberally construed in favor of the injured claimant.

"The primary purpose of the workmen's compensation act is to burden industry with the economic loss to a workman resulting from accidental injuries sustained by the workman in the course of his employment. (K.S.A. 44-501; *Craig v. Electrolux Corporation,* 212 Kan. 75, 510 P.2d 138 [1973]; *Thuillez v. Yellow Transit Freight Lines,* 187 Kan. 618, 358 P.2d 676 [1961]. To make such legislative intent effectual, the courts are directed to interpret the act liberally in favor of the injured worker. *Streff v. Goodyear Tire & Rubber Co.,* 211 Kan. 898, 508 P.2d 495 [1973]; *Chapman v. Victory Sand & Stone Co.,* 197 Kan. 377, 416 P.2d 754 [1966]; *Taylor v. Armour & Co.,* 186 Kan. 51, 348 P.2d 632 [1960]." *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 194, 558 P.2d 146 (1976).

It is uncontroverted that the claimant has suffered a recurring ulcerous condition of the left leg that directly resulted from the

original accident of February, 1970, and that the general rule is that he should be compensated at least to the extent allowed by the act. However, it is also clear that the act contemplates that the injured worker must bear part of the burden by at least apprising his employer of the nature of his illness in order to recover the benefits under the act. There can be no question that the employer in this action was aware of claimant's persistent injury, but that the claimant also failed to take any formal steps to gain approval for medical treatment before submitting to chiropractic treatment from Dr. Farrell.

In light of the above principles we find, under the facts and circumstances of this case, claimant must be compensated by the respondent under a modification award for past medical expenses incurred due to the worsening of his ulcerous leg condition after he was released from medical treatment for the original injury. Such retroactive payment may be ordered only if each of the following conditions is present: (1) the medical treatment is related to the original injury and requires immediate medical attention; (2) the medical treatment is reasonably necessary to provide relief for the changed condition; (3) the expenses incurred for the treatment are reasonable; (4) the claimant has been released from the treatment allowed under the original award; (5) the employee has notified his employer of the need for supplemental medical treatment. Each of these conditions has been met in this case.

If, of course, an employer does provide a claimant with medical treatment for a recurring injury similar to the one found in this case and the employee is dissatisfied with the treatment, the employee would be subject to the change of physician requirements imposed under the workmen's compensation regulations.

Judgment of the trial court is reversed, with directions to affirm the decision of the examiner and director.