(935 P.2d 1083)
No. 76,297

MILDRED HEDRICK, *Appellee*, v. U.S.D. NO. 259,
and SELF INSURED, *Appellant*.

Opinion filed April 11, 1997.

*Robert G. Martin* and *Richard J. Liby*, of McDonald, Tinker, Skaer, Quinn &
Herrington, P.A., of Wichita, for appellant.

No appearance by appellee.

Before GREEN, P.J., GERNON and ROYSE, JJ.

ROYSE, J.: This is a workers compensation case. U.S.D. No. 259
appeals from the decision of the Workers Compensation Board
(Board) dismissing its appeal of an administrative law judge's (ALJ)
award.

Mildred Hedrick went to work for U.S.D. No. 259 in its food
service department in 1962. On September 21, 1988, she fell at
work, fracturing her right hip. She was treated by Dr. Bernard
Poole, who performed surgery. After extensive physical rehabili-
tation, she returned to work.

Hedrick sought workers compensation benefits as a result of her injury. On June 24, 1991, an ALJ entered an award based on Hedrick's 20% functional impairment. The director approved that award on July 9, 1991.

The proceedings which give rise to this appeal began on August 9, 1995, when Hedrick filed an "Application for Preliminary Hearing." Specifically, Hedrick sought reimbursement in the amount of $3,776.50, which represented her cost in trading in a 1990 Geo for a 1989 Mercury Sable. Hedrick supported her request by introducing into evidence a letter from Dr. Poole which stated the following:

"This lady, following successful Total Hip Replacement, has reached the stage where she is ready for independence in the activities of daily life.

"For independence in transportation, she needs a vehicle into which she can climb safely, which can be effected either with a fairly large vehicle, or a tiltable steering wheel. Her old vehicle is very small, had a small door, and a steering wheel which cannot be tilted."

After hearing Hedrick's testimony, the ALJ ordered U.S.D. No. 259 to pay Hedrick the sum of $3,776.50. U.S.D. No. 259 sought review of this award by the Board. The Board dismissed the appeal, reasoning that a preliminary award of medical care is within the jurisdiction of an ALJ and is not reviewable under K.S.A. 44-534a and 44-551. U.S.D. No. 259 appeals from that decision.

U.S.D. No. 259 argues on appeal that the Board erred in dismissing its appeal of the award. U.S.D. No. 259 relies on 44-551(b)(2)(A), which authorizes the Board to review a preliminary award if it is alleged that the ALJ exceeded his/her authority in granting the relief requested at a preliminary hearing. See *Shain v. Boeing Military Airplanes*, 22 Kan. App. 2d 913, 914, 924 P.2d 1280 (1996).

This case presents an unusual twist because resolution of the jurisdictional issue depends upon our resolution of the substantive issue. In other words, if a car is "medical treatment," then the ALJ had authority to enter the award, and the Board properly dismissed the appeal. On the other hand, if a car is not "medical treatment," then the ALJ was without jurisdiction to enter the award, and the Board improperly dismissed the appeal.

The provision for medical benefits is contained in K.S.A. 44-510(a):

"It shall be the duty of the employer to provide the services of a health care provider, and such medical, surgical and hospital treatment, including nursing, medicines, medical and surgical supplies, ambulance, crutches, and apparatus, and transportation to and from the home of the injured employee to a place outside the community in which the employee resides . . . as may be reasonably necessary to cure and relieve the employee from the effects of the injury."

Interpretation of a statute is a question of law, subject to unlimited review on appeal. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). Similarly, whether an agency has erroneously interpreted the law is also a question of law over which an appellate court's review is unlimited. *In re Tax Appeal of Scholastic Book Clubs, Inc.*, 260 Kan. 528, 920 P.2d 947 (1996).

The fundamental rule of statutory construction is that the intent of the legislature governs. *NCAA v. Kansas Dept. of Revenue*, 245 Kan. 553, 557, 781 P.2d 726 (1989). When the language used is plain, unambiguous, and appropriate to an obvious purpose, the court should follow the intent as expressed by the words used. *Chavez v. Markham*, 256 Kan. 859, 865, 889 P.2d 122 (1995). When construing a statute, a court should give words in common usage their natural and ordinary meaning. *In re Estate of Robinson*, 236 Kan. 431, 436, 690 P.2d 1383 (1984).

U.S.D. No. 259 has cited no previous cases which define "medical treatment" as used in our workers compensation statute, and we have been unable to find any (Hedrick did not file a brief on appeal). Black's Law Dictionary 1502 (6th ed. 1990) does provide a definition of "treatment": "A broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies." Additionally, the legislature has provided an operative definition of medical treatment in the statute, by delineating specific items which that term includes: "nursing, medicines, medical and surgical supplies, ambulance, crutches, and apparatus," and transportation to obtain medical treatment. K.S.A. 44-510(a). Finally, the regulations prom-

ulgated by the Division of Workers Compensation do not define medical treatment, although they do define "apparatus" as "glasses, teeth, or artificial member," K.A.R. 51-9-2, and establish criteria for reimbursement of expenses for transportation to obtain medical treatment, K.A.R. 51-9-11.

For purposes of this case, it is not necessary to devise a precise definition of "medical treatment." Certainly, examination, diagnosis, and application of remedies would not encompass the purchase of a car. The natural and ordinary meaning of "medical treatment" is not so broad as to include an automobile purchased to afford an individual "independence in transportation." Moreover, the purchase of a car goes far beyond the limited transportation authorized by 44-510(a). Under the facts of this case, we conclude that medical treatment does not include the purchase of a car.

This conclusion is consistent with those cases which have applied another element of 44-510(a), the requirement that the medical treatment "be reasonably necessary to cure and relieve the employee from the effects of the injury." *Horn v. Elm Branch Coal Co.*, 141 Kan. 518, 41 P.2d 751 (1935), concerned a claimant who worked as a shot firer. He was injured when a shot exploded prematurely, requiring that he undergo surgical removal of an eye. During the course of his treatment, he received a recommendation that he should have his teeth pulled. Nineteen teeth were extracted, and the claimant sought an award of $50 for a new set of false teeth. The district court rejected that claim, and the Supreme Court affirmed the decision on the grounds that the expenses were not a result of the claimant's injury:

"When the accident occurred, claimant had two false teeth attached to a plate. The teeth were knocked from the plate. There was no other injury to teeth. Claimant already had decayed and infected teeth. There was no evidence that any of the teeth extracted became decayed or infected as a result of the accident, and there was no basis in the evidence to sustain a claim for the cost of a new set of false teeth." 141 Kan. at 519.

In *Carr v. Unit No. 8169*, 237 Kan. 660, 703 P.2d 751 (1985), the claimant sought workers compensation benefits for injuries he sustained when a truck in which he was riding struck a cow. One of the issues on appeal was whether his employer was required to

pay for hospital expenses incurred after the claimant took an overdose of pain pills. The court concluded those expenses were not within the scope of 44-510(a), because treatment incurred as a result of an overdose of pain pills was not "an ordinary and necessary result of the claimant's accident." 237 Kan. at 666. See also *Buck v. Beech Aircraft Corporation*, 215 Kan. 157, 523 P.2d 697 (1974) (claim for medical services disallowed where no showing services were made necessary by claimant's on-the-job injury); *McDowell v. Paynter*, 202 Kan. 767, 770, 451 P.2d 227 (1969) (fee for doctor's deposition not an expense for "medical treatment"); *Fisher v. Rhoades Construction Co.*, 190 Kan. 448, 453, 375 P.2d 771 (1962) (medical treatment does not include medical evaluation so that doctor can testify on claimant's behalf; [rule now codified at 44-510(c)(2)]); *Morris v. Kansas City Bd. of Public Util.*, 3 Kan. App. 2d 527, 535, 598 P.2d 544 (1979) (to obtain modification award for reimbursement of medical expenses, claimant must show, *inter alia*, that the medical treatment was reasonably necessary to provide relief for the changed condition).

In this case, Hedrick was injured in a fall a number of years ago. The fact that she was injured and had to have a total hip replacement may well have necessitated many changes in her activities and routines. Logically, with a larger car she could enter and exit the vehicle with greater ease and comfort. The legislature, however, has not extended workers compensation benefits so far as to include all expenses associated with the accommodations that a disability may require. A larger car is not a necessary result of Hedrick's fall, nor can it be viewed as treatment reasonably necessary to cure Hedrick or to relieve her from the effects of her injury.

In concluding that Hedrick's trade-in costs were within the scope of 44-510(a), the Board focused on the fact that Hedrick requested the automobile as a form of medical treatment and that she supported the request with a letter from Dr. Poole. Neither of these factors is dispositive. Were we to adopt the Board's reasoning, any expense would be considered medical treatment, so long as the claimant labelled it as such or a doctor recommended the

expense. Such an approach cannot be squared with the terms used by the legislature in 44-510(a).

In closing, we note that this case does not involve a paraplegic claimant who seeks a specially equipped vehicle under the Workers Compensation Act. Among jurisdictions which have addressed that problem, there is a split of authority. The varying results depend to a large degree on the peculiar language found in the various states' workers compensation laws. See 2 Larson's Workmen's Compensation Law, § 61.13(a); 82 Am. Jur. 2d, Workers' Compensation § 394, p. 422. Those cases are helpful only to the extent they reinforce our statutory requirement that medical treatment be reasonably necessary.

In light of our conclusion that the Board erred in concluding that Hedrick's new car was medical treatment, we need not address the alternative argument propounded by U.S.D. No. 259 that the Board erred in treating the award as a preliminary award. See *Winters v. GNB Battery Technologies*, 23 Kan. App. 2d 92, 927 P.2d 512 (1996); *Shain v. Boeing Military Airplanes*, 22 Kan. App. 2d 913.

Because Hedrick's purchase of a larger car was not medical treatment, the Board erred in dismissing the appeal, and the ALJ exceeded her authority in ordering U.S.D. No. 259 to reimburse Hedrick for her trade-in costs.

Reversed.