No. 80,804

INVESTCORP, L.P., *et al.*, *Appellants*, v. SIMPSON INVESTMENT COMPANY, L.C., *Appellees.*

(983 P.2d 265)

(From original opinion, see *Investcorp L.P. v. Simpson Investment Co., L.C.,* 267 Kan. 840, 983, P.2d 265 [1999].) Modified opinion filed October 29, 1999.

The opinion of the court was delivered by

SIX, J.: This summary judgment case involves a family controversy over the dissolution of a limited liability company (LLC). The LLC was organized under the Kansas Limited Liability Company Act (the Act), K.S.A. 17-7601 *et seq.*

In our original opinion, we affirmed in part, reversed in part, and remanded with directions. On August 5, 1999, each party filed a motion to modify under Supreme Court Rule 7.06 (1998 Kan. Ct. R. Annot. 49). The Simpson Investment Company, L.C. also seeks a rehearing. A response to each motion was filed by the opposing party.

We deny the motion for rehearing, but modify our original opinion filed July 16, 1999, *Investcorp, L.P. v. Simpson Investment Co., L.C.,* 267 Kan. 840, 983 P.2d 265 (1999).

Both parties point out that counsel for plaintiffs misspoke during oral argument when the court inquired who the managers were when deadlock occurred. The parties agree that counsel's response to the court's inquiry was not accurate. Plaintiffs' counsel suggests his mistake was entirely inadvertent. We grant the request of both parties and delete the following paragraph from our original opinion:

"Three managers of the Company, Donald Simpson, Alfred Simpson and Mark Simpson, were designated in the Articles of Organization. At some point Reed Simpson also became a manager. Reed is Donald's son and Mark is Alfred's son.

At oral argument plaintiffs' counsel identified the managers when deadlock occurred:

"One manager was within my group of the withdrawing members. One manager was within the other group with the remaining members. And I think there was a third who was a member of the remaining [group]. So two out of three managers were in the remaining group and one was in the withdrawing group." 267 Kan. at 842.

## In our original opinion the syllabus said:

"In a case involving control of the dissolution of a deadlocked limited liability company (LLC) organized under the Kansas Limited Liability Company Act, K.S.A. 17-7601 *et seq.*, the record is examined and it is held: (1) The district court did not err in: (a) granting the LLC's motion for summary judgment placing control of dissolution in the LLC, and (b) refusing to appoint a receiver to effect dissolution, (2) the plaintiffs, as withdrawing members of the LLC whose acts of withdrawal triggered dissolution, are members of the LLC during dissolution under the LLC operating agreement and the Act, (3) control of the dissolving LLC, under orders of the district court, is in the LLC through the managers in office at the time of the plaintiffs' withdrawal, or the managers' successors, as manager trustees, and (4) the orders of the district court setting out a road map for dissolution are to be implemented by the LLC manager trustees in a timely manner."

## The above-quoted syllabus is modified to read:

"In a case involving control of the dissolution of a deadlocked limited liability company (LLC) organized under the Kansas Limited Liability Company Act, K.S.A. 17-7601 *et seq.*, the record is examined and it is held: (1) The district court did not err in: (a) granting the LLC's motion for summary judgment placing control of dissolution in the LLC, and (b) refusing to appoint a receiver to effect dissolution, (2) the plaintiffs, as withdrawing members of the LLC whose acts of withdrawal triggered dissolution, are members of the LLC during dissolution under the LLC operating agreement and the Act, (3) control of the dissolving LLC, under orders of the district court, is in the LLC through its managers, and (4) on remand, the district court has jurisdiction to: (a) monitor its previous orders as modified by this opinion, (b) decide who the managers are to control dissolution, and (c) consider any appropriate future matters that may arise concerning the LLC's dissolution, including the appointment of a receiver, if either the requirements of *Browning v. Blair*, 169 Kan. 139, 218 P.2d 233 (1950) (fraud, breach of fiduciary duty, or waste) or a showing of good cause have been met and the interests of all members will best be protected by the appointment of such receiver."

## In our original opinion we said:

"The managers in office at the time of dissolution, October 10, 1996, are responsible for carrying out the acts of dissolution prescribed by the district court. This view is consistent with LLC commentary on the subject. See Callison & Sullivan, Limited Liability Companies, § 10.4, p. 73 (1994); 1 Ribstein & Keatinge on Limited Liability Companies, § 11.08 (1992)." 267 Kan. at 850.

We delete "October 10, 1996."

In our original opinion we concluded:

"Affirmed in part, reversed in part, and remanded: (1) The Company through its manager trustees controls dissolution, (2) the plaintiffs are "members" of the Company during dissolution, and (3) refusing to appoint a receiver was not error. On remand, the district court has jurisdiction to monitor its previous orders as modified by this opinion and to consider any appropriate future matters that may arise concerning the Company's dissolution." 267 Kan. at 853.

We modify the above-quoted concluding paragraph of the original opinion to read:

"Affirmed in part, reversed in part, and remanded: (1) The Company through its manager trustees controls dissolution, (2) the plaintiffs are "members" of the Company during dissolution, and (3) refusing to appoint a receiver was not error. On remand, the district court has jurisdiction to: (a) monitor its previous orders as modified by this opinion, (b) decide who the managers are to control dissolution, and (c) consider any appropriate future matters that may arise concerning the Company's dissolution, including the appointment of a receiver, if either the requirements of *Browning v. Blair,* 169 Kan. 139, 218 P.2d 233 (1950) (fraud, breach of fiduciary duty, or waste) or a showing of good cause have been met and the interests of all members will best be protected by the appointment of such receiver."

We adhere to the original opinion in all other respects.