(994 P.2d 641)

No. 81,106

ROBERT CARPENTER, *Claimant/Appellee*, v. NATIONAL FILTER SERVICE, *Respondent/Appellee* and TRAVELERS INSURANCE COMPANY, *Appellant*.

Opinion filed December 17, 1999.

*Lyndon W. Vix* and *William L. Townsley*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellant.

*Kendall R. Cunningham*, of Gilliland & Hayes, P.A., of Wichita, for appellee National Filter Service.

Before JUSTICE ABBOTT, presiding, STEPHEN D. HILL, District Judge, assigned, and ROBERT J. SCHMISSEUR, District Judge, assigned.

HILL, J.: Travelers Insurance Company (Travelers) appeals the dismissal of its administrative appeal to the Workers Compensation Board (Board). We affirm.

The claimant, Robert Carpenter, while an employee of National Filter Service (National), injured his knee while working in Minnesota. National has offices in Wichita. The claimant's contract was signed in Kansas. The claimant's job required him to travel to stores at various locations in the Midwest.

At the time of the claimant's accident, National had obtained workers compensation coverage under an insurance policy issued by Royal Insurance Company (Royal). The policy is administered by Travelers in Kansas.

The administrative law judge made a preliminary award to the claimant of temporary total disability benefits from the date of the accident forward and the cost of medical treatment. The judge assessed the costs of all benefits against Travelers and Royal.

Travelers appealed to the Board, arguing the policy did not cover injuries in Kansas. The Board dismissed the appeal.

The Board's review is limited to final orders, awards, modifications of awards, or preliminary awards under K.S.A. 1998 Supp. 44-534a. See K.S.A. 1998 Supp. 44-551(b)(1).

In this appeal, Travelers argues that the assessment entered by the judge was a preliminary award. Therefore, we must look to the Workers Compensation Act for the methods of its administration. See *Jones v. Continental Can. Co.*, 260 Kan. 547, 557, 920 P.2d 939 (1996). Interpretation of a statute is a question of law, subject to unlimited review. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

The judge in this case described the proceeding as a preliminary hearing. Preliminary awards, however, are not generally appealable to the Board. See *Rivera v. Cimarron Dairy*, 267 Kan. 875, 879, 988 P.2d 235 (1999). As the *Rivera* court stated, the purpose of foreclosing an appeal from a preliminary hearing is to afford the injured employee immediate access to medical and living expenses pending a full hearing. 267 Kan. at 879.

At a preliminary hearing, the judge may summarily award medical and temporary total disability compensation upon a finding that

the injury is compensable. If the compensability of the claim or the claimant's entitlement to benefits is disputed, the employer may present evidence on the disputed issues. See K.S.A. 1998 Supp. 44-534a(a)(2). The statute then lists findings on disputed issues which are subject to Board review: whether the claimant suffered an injury by accident; whether the injury arose out of and in the course of employment; whether notice was given or claim timely made; or whether certain defenses apply. K.S.A. 1998 Supp. 44-534a(a)(2).

The statute does not specify the "certain defenses" which may be appealed to the Board. The statute does state that all the listed findings subject to Board review are considered jurisdictional. Thus, Board review is limited to allegations that the judge exceeded the judge's jurisdiction in entering the preliminary award. See K.S.A. 1998 Supp. 44-551(b)(2)(A).

Travelers maintains that the judge exceeded his jurisdiction because the claimant was not covered by the Royal policy on the date of the accident. We note that Travelers does not deny the judge has subject matter jurisdiction over insurance liability. However, Travelers does claim it was not a proper party to the proceedings because Royal's policy was not effective in Kansas.

Travelers cites as support *King v. El Dorado Motor Co.*, 181 Kan. 477, 311 P.2d 999 (1957), where the administrative agency was held to have no jurisdiction over an insurance agent or broker who was not qualified to offer workers compensation insurance in Kansas. Travelers argues the judge similarly lacked jurisdiction in this case to assess the preliminary award against it and Royal. Whatever the merits of Travelers' contention, the Board had jurisdiction to review the issue only as provided by the Workers Compensation Act. In this instance, the Board had jurisdiction if the argument raised by Travelers fit under the "certain defenses" provision of K.S.A. 1998 Supp. 44-534a(a)(2).

It is important to note that K.S.A. 1998 Supp. 44-534a(a)(2) contemplates disputes in preliminary hearings only over the compensability of the injury and the analogous question of the claimant's entitlement to benefits. It seems to us that the very purpose of the preliminary hearing is to determine whether the claimant should

be receiving benefits under the Act. See *Shain v. Boeing Military Airplanes,* 22 Kan. App. 2d 913, 915, 924 P.2d 1280 (1996). In keeping with this, the disputed findings subject to Board review, other than the "certain defenses," are the findings necessary to establish coverage by the Workers Compensation Act. For example, see K.S.A. 1998 Supp. 44-501(a), requiring examination as to whether the injury was one arising out of and in the course of employment, and K.S.A. 44-520a(a), raising whether notice and claim were filed in a timely manner. It is in this sense that they are considered jurisdictional.

When construing statutes, this court must construe the several provisions of an act together. See *KPERS v. Reimer & Koger Assocs., Inc.,* 262 Kan. 635, 643-44, 941 P.2d 1321 (1997). Therefore, the Board's jurisdiction to review allegations the judge exceeded the judge's jurisdiction, as provided in K.S.A. 1998 Supp. 44-551(b)(2)(A), must be read together with K.S.A. 1998 Supp. 44-534a. Because in 44-534a jurisdiction means coverage by the Act, "certain defenses" are subject to review *only if they dispute the compensability of the injury* under the Act.

In *Shain,* the Fund argued it was not liable under recent amendments to the Workers Compensation Act. An administrative law judge denied the Fund's motion to dismiss and the Board dismissed the Fund's appeal as interlocutory. 22 Kan. App. 2d at 914. A panel of the Court of Appeals determined the judge's order denying dismissal was not a preliminary award under 44-534a because it did not relate to medical or temporary total disability compensation. 22 Kan. App. 2d at 915. In other words, it did not deal with the compensability of the injury.

While the panel found the Board had jurisdiction to consider the order in *Shain,* the statute controlling Board jurisdiction, 44-551, has since been amended. See L. 1997, ch. 125, § 12. Unlike the law controlling in *Shain,* which allowed Board review of all acts and findings of a judge, the amended statute restricts review to final orders, awards, and modifications of awards, with the exception of appeals from preliminary awards under 44-534a and amendments thereto. See K.S.A. 1998 Supp. 44-551(b)(1).

*King* also is not to the contrary because it did not involve Board jurisdiction over an appeal from a preliminary hearing. See 181 Kan. at 478. Travelers had a right to Board review only if the Workers Compensation Act allows it. The legislature did not provide for Board review from a preliminary award unless the compensability of the injury is disputed.

The ruling in another case cited by Travelers, *Hedrick v. U.S.D. No. 259*, 23 Kan. App. 2d 783, 935 P.2d 1083 (1997), is also not to the contrary because, as noted above, the statute controlling appeals to the Board has been amended. Because we conclude Travelers' issue was not appealable under K.S.A. 1998 Supp. 44-534a(a)(2), *Hedrick* is not dispositive. We also note that while the issue in *Hedrick* arose from the filing of an application for a preliminary hearing, the claimant there had actually already received a final award in her case. See 23 Kan. App. 2d at 784.

Furthermore, the summary nature of the preliminary hearing extends to the review process. An appeal from a preliminary award may be heard and decided by a single member of the Board. K.S.A. 1998 Supp. 44-551(b)(2)(A). Review by the Board is not subject to judicial review. K.S.A. 1998 Supp. 44-534a(a)(2). The Workers Compensation Act shows a legislative intent to provide quick relief unless the claimant's injury was not compensable under the Workers Compensation Act. Only when compensability is in dispute may the Board review the judge's findings.

Travelers is not without a remedy because preliminary awards and orders are not binding in the full hearing. See K.S.A. 1998 Supp. 44-534a(a)(2); *Waln v. Clarkson Constr. Co.*, 18 Kan. App. 2d 729, 730, 861 P.2d 1355 (1993). If an insurance carrier pays compensation pursuant to a preliminary award which is then reduced or totally disallowed, the insurance carrier is reimbursed by the Fund. See K.S.A. 1998 Supp. 44-534a(b); *Waln*, 18 Kan. App. 2d at 730.

Because the issue of policy coverage is not an appeal from a preliminary hearing under 44-534a, the Board did not err in dismissing the appeal for lack of jurisdiction.

Affirmed.