(717 P.2d 1074)

No. 58,431

LAVERNE CLINTSMAN, *Claimant/Appellant*, v. ST. JOSEPH HOSPITAL OF CONCORDIA and ST. PAUL FIRE & MARINE, *Appellees*, and KANSAS WORKERS' COMPENSATION FUND.

Opinion filed April 24, 1986.

*Diane F. Barger* and *George E. McCullough*, of McCullough, Wareheim and LaBunker, of Topeka, for the appellant.

*Jeffrey E. King*, of King, Adrian, King & Brown, Chartered, of Salina, for the appellees.

Before ABBOTT, C.J., PAUL E. MILLER, District Judge, assigned, and JAMES P. BUCHELE, District Judge, assigned.

BUCHELE, J.: This is an appeal of a workers' compensation award rendered by the district court of Cloud County which partially denied an award for vocational rehabilitation against the respondent, St. Joseph Hospital of Concordia, and its insurer, St. Paul Fire and Marine. The administrative law judge, pursuant to a vocational evaluation, awarded claimant tuition in the amount of $395.00 and $4,450.00 for equipment expenses. The director affirmed this award. On appeal the district court affirmed the award for tuition but disallowed the award for the purchase of equipment.

The claimant raises the following issues for review:

1. Whether a vocational rehabilitation order made pursuant to K.S.A. 44-510g(e)(3) is appealable to the district court during the first twenty-six weeks of rehabilitation.
2. Whether the district court erred by setting aside the award for equipment.

The claimant, a 49-year-old maintenance worker, suffered a

back injury on December 7, 1979, in the course of his employment with respondent. Claimant underwent surgery on May 8, 1980, and February 27, 1982, for the nonunion of the fusion. Claimant was never able to return to work. As a result of the back injury and surgeries, claimant has physical limitations, including difficulty in bending, lifting, sitting or standing for long periods. The administrative law judge issued an award of 60% permanent partial general bodily disability.

In August 1983, claimant underwent an evaluation by a vocational rehabilitation counselor, and a rehabilitation plan was developed to upgrade his skills in the saw-sharpening business and to purchase equipment to enable claimant to set up his own business in Concordia. Claimant then filed an application for vocational rehabilitation benefits, which was heard on December 11, 1984. Claimant testified that sometime in 1977 he started a saw-sharpening business as a hobby. His income in 1983 and 1984 from this business was about $2,000 per year. Claimant had received no formal training in saw sharpening. The administrative law judge approved the vocational rehabilitation plan and ordered respondent and its insurance carrier to provide $395 for tuition and $4,450 for equipment expenses.

The award was made pursuant to K.S.A. 44-510g(e)(3). Claimant first challenges the district court's jurisdiction to hear an appeal of this order. This issue is one of first impression in Kansas.

K.S.A. 44-510g(e)(3) provides, in substance, that if an injured employee is ineligible for vocational rehabilitation through state, federal or other public agencies, or if rehabilitation services are not available within a reasonable period of time, the director may order the employer to pay for such rehabilitation services. This statute further provides:

"Any such services to be provided at the expense of the employer under this paragraph (3), shall not extend for a period of more than twenty-six (26) weeks, except that in extremely unusual cases, after a hearing and the presentation of evidence, the director, by special order, may extend the period for not more than an additional twenty-six (26) weeks. The employer shall have a right to appeal to the district court any such special order by the director for any extension of the initial twenty-six (26) week period, within the time and in the manner provided in K.S.A. 44-556, and amendments thereto, and any such special order shall be stayed until the district court has determined the appeal. There shall be no right of appeal to the Kansas supreme court from a judgment of the district court sustaining or overruling any such special order of the director."

The claimant's argument is that a liberal statutory construction in favor of claimant, which workers' compensation statutes are to be given, *Bright v. Bragg*, 175 Kan. 404, 264 P.2d 494 (1953), compels the conclusion that a rehabilitation award during the first twenty-six-week period is not appealable. Claimant argues that since the statute provides that a special order extending vocational rehabilitation services for a second twenty-six-week period is appealable, and no provision is made for an appeal during the first twenty-six weeks, an appeal is not permitted.

In general, an appeal from the director's order is governed by K.S.A. 1985 Supp. 44-556(a), which provides:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact . . . ."

K.S.A. 1985 Supp. 44-556(c) provides:

"Any party to the proceedings may appeal from any findings or order of the district court to the appellate courts on questions of law."

When courts are called upon to construe statutes, the legislative intent is to be gleaned from a general consideration of the statute as a whole. *State v. V.F.W. Post No. 3722*, 215 Kan. 693, 527 P.2d 1020 (1974). Courts are not permitted to consider only an isolated part of an act but are required to construe all parts together in pari materia. *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983). Thus, the court must decide whether the legislature intended to carve out an exception to the general appeal statute, K.S.A. 1985 Supp. 44-556, for the initial twenty-six weeks of vocational rehabilitation.

An examination of the Workmen's Compensation Act indicates that, when the legislature intended to make an exception to the general right of appeal, it did so expressly. For example, K.S.A. 1985 Supp. 44-534a, which provides for preliminary awards of medical and temporary total disability compensation, states:

"(a) . . . No such preliminary findings or preliminary awards shall be appealable by any party to the proceedings . . . ."

The policy behind foreclosure of the right of appeal for preliminary awards is to afford the injured employee immediate access to medical and necessary living expenses pending a full hearing. An employer and the insurance carrier are protected by a further statutory provision, 44-534a(b), which provides that, if prelimi-

nary awards are reduced or totally disallowed at the full hearing, the employer and insurance carrier will be reimbursed by the Workers' Compensation Fund.

Our reading of 44-510g(e)(3) is that it is a narrow exception to 44-556, the general appeal statute. Its purpose is to limit the appealability of special orders extending vocational rehabilitation services beyond the initial twenty-six weeks to the district court. It is logical to limit judicial review to the district court in this instance, as a special order is actually a factual determination that there are unusual circumstances which warrant vocational rehabilitation in excess of twenty-six weeks.

An appeal of a vocational rehabilitation award made under 44-510g(e)(3) may, during the first twenty-six weeks, be made under the general appeal statute, 44-556. Had the legislature intended to foreclose the right of appeal during this period, it could have so provided. Further, there would appear to be no sound policy for eliminating the right of appeal. The need for vocational rehabilitation is not as immediate as the need for medical and living expenses.

The remaining issue is the award for tools and equipment in the amount of $4,450. Essentially, the district court held that 44-510g does not authorize an award to furnish tools and equipment as vocational rehabilitation, reeducation or training.

The general statutory provision for vocational rehabilitation under the Workmen's Compensation Act is 44-510g. Subsection (a) provides:

"A primary purpose of the workmen's compensation act shall be to restore the injured employee to substantial and gainful employment."

Subsection (d) provides:

"When . . . the employee is unable to perform work for which such employee has previous training, education, qualifications or experience . . . such employee shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary . . . ."

Subsection (e) provides:

"The director . . . may refer the employee to a qualified physician or facility for evaluation and for a report of the practicability of, need for, and kind of service, treatment, training or rehabilitation which is or may be necessary . . . ."

An examination of this statute reveals that the legislature has specified that an injured employee should receive vocational rehabilitation, including treatment, services, training and edu-

cation. "The concept of rehabilitation . . . includes all of the medical, therapeutic, social, and vocational services needed to return a worker to maximum physical recovery and to suitable gainful employment." Hanna, *Workmen's Compensation—Rehabilitation Benefits*, 24 Kan. L. Rev. 649 (1976).

Kansas courts have not addressed the issue of whether the rehabilitation provisions of the Workmen's Compensation Act include the purchase of equipment for use in a business to be established by an injured employee. In *Cowan v. Josten's American Yearbook Co.*, 8 Kan. App. 2d 423, 660 P.2d 78, *rev. denied* 233 Kan. 1091 (1983), and *Antwi v. C-E Industrial Group*, 5 Kan. App. 2d 53, 612 P.2d 656, *aff'd* 228 Kan. 692, 619 P.2d 812 (1980), the court addressed cases which deal with employees who received vocational rehabilitation awards of tuition plus books for higher education. *Antwi*, 5 Kan. App. 2d at 54-55; *Cowan*, 8 Kan. App. 2d 423. Claimant contends that the award for books is analogous to the award for purchase of saw-sharpening equipment. We disagree.

The entire thrust of the rehabilitation provisions of the Workmen's Compensation Act is on training. In *Antwi* and *Cowen*, books were a necessary element of the employee's education. In the present case, the purchase of tools and equipment was not an element of claimant's education, but was awarded to permit him to establish a business.

The difficulty with claimant's position that tools and equipment should be compensable items under rehabilitation is that there is no logical place to begin or end. As respondent notes, if claimant's arguments are accepted, an injured employee rehabilitated as a truck driver would be able to claim the costs of a new truck. We believe neither a liberal reading of the statute nor the policy behind it authorizes an award for equipment under a vocational rehabilitation plan.

Affirmed.