WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which a claim for lump sum payment of rehabilitation benefits, to be used to purchase a dump truck in order to establish claimant in a new business enterprise, was denied. We conclude that the judge of compensation claims properly construed the rehabilitation provisions of chapter 440 as not encompassing the requested capital expenditure, and we therefore affirm the order appealed.
While working as a long-haul truck driver, the 43-year-old claimant sustained com-pensable industrial injuries in 1985 and 1986. As a result of these injuries it was medically recommended that claimant cease working as a truck driver and pursue other employment. Claimant had prior training and experience in various other employments, including one endeavor in which he was the owner and operator of a dump truck.
After sustaining the industrial injuries claimant was engaged in one unsuccessful business enterprise, thereafter expressing the desire to be self-employed. Claimant determined that he would like to again own a dump truck, which could be operated by a hired driver. Claimant sought a lump sum payment as a rehabilitation benefit, in an amount sufficient to make a down payment on the dump truck and meet certain initial operating expenses. After a hearing on the claim, the judge of compensation claims determined that the requested payment is beyond the ambit of rehabilitation expenses authorized by section 440.49, Florida Statutes, stating that chapter 440 “does not provide for payment of capital expenditures designed to establish claimant in his own business.... ”
Section 440.49(l)(a), Florida Statutes, provides for the rehabilitation of injured employees, and addresses the circumstances in which an employer/carrier is required to furnish “appropriate training and education for suitable gainful employ-ment_” (e.s.) The statute expressly defines such employment to include self-employment, and our decisions have acknowledged that the choice of a post-injury occupation remains with the injured employee. See Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). However, it has also been emphasized that the legislative intent expressed in section 440.49(1) is to provide for the rehabilitation of injured workers through structured counseling, training, and educational programs. See Viking Sprinkler, supra; Cenvill Communities Inc. v. Brown, 409 So.2d 1147 (Fla. 1st DCA 1982). Section 440.49(1)(a) directly addresses these concerns, providing in certain circumstances for evaluation as to the “kind of service, treatment, or training, necessary and appropriate to restore the employee to suitable gainful employment.”
Rule 38F-8.024, F.A.C., also addresses the available rehabilitation services. “Self-employment plans with assistance to obtain financial support to underwrite such activity” is expressly approved as an available rehabilitation service in appropriate situations. See Rule 38F-8.024(l)(k), F.A.C. Rule 38F-8.024 further refers to counseling, vocational testing and evaluation, training plans and placement services, and various related activities. The rule is in accord with the recognized intent of section 440.49(1) for the provision of counseling, training, and educational services. The authorization of self-employment plans “with assistance to obtain financial support” is consistent with this approach and does not encompass the award of the requested business capital in the context of the present case.
Cases from other jurisdictions have likewise rejected claims for business capital as a rehabilitation benefit. See e.g., Husson v. Babbitt, 728 P.2d 750 (Colo.App.1986); Clintsman v. St. Joseph Hospital of Concordia, 11 Kan.App.2d 199, 717 P.2d 1074 *651 (1986). While these eases have sometimes been decided upon a determination that the intended business enterprise was not suffi: ciently shown to be an appropriate endeav- or, in Clintsman the court emphasized that the pertinent rehabilitation statute contemplated the retraining of injured employees, rather than capital acquisition. Section 440.49(l)(a), Florida Statutes, likewise contemplates training, counseling, and educational activities, rather than directly providing business capital. In the present case the judge properly denied the claim upon a determination that the claim for capital for the establishment of a business enterprise is not an authorized rehabilitation benefit under section 440.49, Florida Statutes.
The order appealed is affirmed.
JOANOS and THOMPSON, JJ., concur.