(924 P.2d 1280)
No. 75,317

SHERYL L. SHAIN, *Claimant*, v. BOEING MILITARY AIRPLANES, *Respondent/Appellee*, AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, *Insurance Carrier/Appellee*, and KANSAS WORKERS COMPENSATION FUND, *Appellant*.

—

Opinion filed October 11, 1996.

*Christopher J. McCurdy* and *Robert A. Bye*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, for appellant Kansas Workers Compensation Fund.

*Vaughn Burkholder* and *Stephen M. Kerwick*, of Foulston & Siefkin, L.L.P., of Wichita, for appellees Boeing Military Airplanes and American Manufacturers Mutual Insurance Company.

Before ROYSE, P.J., KNUDSON, J., and WAHL, S.J.

ROYSE, J.: This is a workers compensation case. Kansas Workers Compensation Fund (Fund) appeals from a decision by the Workers Compensation Board (Board) that it lacked jurisdiction to review a decision of the administrative law judge (ALJ) denying the Fund's motion to dismiss.

Sheryl L. Shain filed a workers compensation claim against her employer, Boeing Military Airplanes (Boeing), alleging she sustained a compensable injury on September 1, 1994. Boeing and Shain settled her claim, and the merits of that claim are not before us.

Before settling with Shain, Boeing impled the Fund. The Fund subsequently filed a motion to be dismissed from the case, arguing there could be no Fund liability under the 1993 amendments to the Workers Compensation Act. The ALJ denied the Fund's motion.

The Fund sought Board review of the ALJ's ruling. The Board dismissed the Fund's request for review, holding the ruling of the ALJ was an unappealable interlocutory order. The Fund appeals.

The first issue is whether the Board correctly interpreted K.S.A. 44-551 and 44-534a in dismissing the Fund's appeal. Interpretation of a statute is a question of law, subject to unlimited review by this court. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 1995 Supp. 44-551(b)(1) states the general rule that all acts by an ALJ are subject to review by the Board upon timely written request. An exception to the general rule is set forth in K.S.A. 1995 Supp. 44-551(b)(2)(A), which provides that if the ALJ enters a preliminary award under 44-534a, the Board shall not conduct a review unless it is alleged that the ALJ exceeded his/her jurisdiction in ruling on the relief requested at the preliminary hearing.

The question then boils down to whether an order denying a motion to dismiss is a preliminary award under 44-534a. If so, the Board correctly declined to rule on the decision. If not, the Board should have addressed the issues raised by the Fund.

K.S.A. 44-534a sets forth the procedures applicable to preliminary awards. K.S.A. 44-534a(a)(1) authorizes an employee or employer to apply for a preliminary hearing "on the issues of the furnishing of medical treatment and the payment of temporary total disability compensation." K.S.A. 44-534a(a)(2) sets forth the procedures for a preliminary hearing and provides that the ALJ, after making a preliminary finding that the injury to the employee is compensable, may "make a preliminary award of medical compensation and temporary total disability compensation to be in effect pending the conclusion of a full hearing on the claim." K.S.A. 44-534a(a)(2) also provides that, with the exception of certain spec-

ified findings, a preliminary award is not appealable or binding and is "subject to a full presentation of the facts."

Under the plain language of 44-534a, the term "preliminary award" refers to an award arising out of a preliminary hearing which provides for medical benefits and/or temporary total compensation. Compare *Lively v. MBPXL Corp.*, 7 Kan. App. 2d 204, 638 P.2d 999 (1982) (order entered after a preliminary hearing that Fund pay temporary total benefits and medical expenses to claimant was a temporary order not subject to appeal), with *Redgate v. City of Wichita*, 17 Kan. App. 2d 253, 836 P.2d 1205 (1992) (order extending benefits entered at hearing on repondent's motion for determination that it had completed all payments under original settlement was not a preliminary award entered at a preliminary hearing).

The purpose of a preliminary hearing "is to make a summary determination whether the claimant should be receiving temporary total compensation and medical treatment under the worker's compensation act." Kansas Workers Compensation Handbook § 15.13 (rev. ed. 1990).

An order concluding the Fund is not entitled as a matter of law to be dismissed from a case does not relate to the award of temporary total benefits or medical treatment and is not a preliminary award under 44-534a.

The purpose for foreclosing appeal from a preliminary award is "to afford the injured employee immediate access to medical and necessary living expenses pending a full hearing." *Clintsman v. St. Joseph Hosp. of Concordia*, 11 Kan. App. 2d 199, 201, 717 P.2d 1074, *rev. denied* 239 Kan. 693 (1986). That purpose would not be served by attempting to stretch the term "preliminary award" to include the order at issue in this case. Moreover, the provision that a "preliminary award" is "subject to a full presentation of facts" has no application to a question of law such as is presented in this case. K.S.A. 44-534a(a)(2).

*Waln v. Clarkson Constr. Co.*, 18 Kan. App. 2d 729, 861 P.2d 1355 (1993), is instructive. In that case, the claimant sought penalties under K.S.A. 44-512a on the grounds that the company had failed to comply with an order that it pay additional temporary total

benefits. The ALJ first denied the request for penalties and then on a motion for rehearing entered an order assessing penalties against Clarkson.

The court determined it had jurisdiction to entertain Clarkson's appeal. The court reasoned that even though 44-534a provides preliminary findings and awards are not appealable, K.S.A. 44-512a provides a procedure for penalties separate and distinct from 44-534a. Because the penalty order was not entered pursuant to 44-534a, review was proper under K.S.A. 44-551(b). *Waln*, 18 Kan. App. 2d at 731.

K.S.A. 44-551(b) also came into play in resolving a second issue in the *Waln* case: whether the claimant properly filed a request for rehearing of the first order denying penalties instead of obtaining a review of that order. The court determined there was no statutory provision for motions for rehearing in workers compensation cases. Because the penalty hearings were not preliminary hearings, the court concluded the claimant was required to file a timely request for review of the first order. Because claimant failed to do so, the first order denying penalties became final. *Waln*, 18 Kan. App. 2d at 732.

For all these reasons, we conclude the order denying the Fund's motion to dismiss was not a preliminary award under 44-534a. Consequently, the Board erred in concluding it lacked jurisdiction to review the order.

The second issue in this case is whether the Fund may be liable for compensation under K.S.A. 44-567, as amended in 1993. This issue presents a question of law which is subject to unlimited review on appeal. See *In re Marriage of Bradley*, 258 Kan. 39, 42, 899 P.2d 471 (1995).

K.S.A. 44-567 deals with compensation for injuries sustained by employees with preexisting handicaps; it provides:

"(a) An employer who operates within the provisions of the workers compensation act and who knowingly employs or retains a handicapped employee, as defined in K.S.A. 44-566 and amendments thereto[,] shall be relieved of liability for compensation awarded or be entitled to an apportionment of the costs thereof as follows:

(1) Whenever a handicapped employee is injured or is disabled or dies as a result of an injury *which occurs prior to July 1, 1994,* and the administrative law judge awards compensation therefor and finds the injury, disability or the death resulting therefrom probably or most likely would not have occurred but for the preexisting physical or mental impairment of the handicapped employee, all compensation and benefits payable because of the injury, disability or death shall be paid from the workers compensation fund; *and*

(2) subject to the other provisions of the workers compensation act, whenever a handicapped employee is injured or is disabled or dies as a result of an injury and the administrative law judge finds the injury probably or most likely would have been sustained or suffered without regard to the employee's preexisting physical or mental impairment but the resulting disability or death was contributed to by the preexisting impairment, the administrative law judge shall determine in a manner which is equitable and reasonable the amount of disability and proportion of the cost of award which is attributable to the employee's preexisting physical or mental impairment, and the amount so found shall be paid from the workers compensation fund." (Emphasis added.)

The language emphasized above was added to the statute in 1993. L. 1993, ch. 286, § 62. The Fund claims these additions limit Fund liability to injuries occurring before July 1, 1994, both in "but for" cases under subsection (1) and in "contribution" cases under subsection (2). We agree.

In order to construe one part of a statute, it is permissible to look at other parts of it. "The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so." *Easom v. Farmers Insurance Co.*, 221 Kan. 415, Syl. ¶ 3, 560 P.2d 117 (1977).

The 1993 act made other changes relevant to the issue presented here. A limitation was added to K.S.A. 44-566a(e): "The workers compensation fund shall be liable for: (1) Payment of awards to handicapped employees in accordance with the provisions of K.S.A. 44-569 and amendments thereto *for claims arising prior to July 1, 1994."* L. 1993, ch. 286, § 61. This amendment clearly eliminates Fund liability for claims arising out of injuries to handicapped employees occurring on or after July 1, 1994. This interpretation is also consistent with a limitation added in 1993 to K.S.A. 44-501(c): *"The employee shall not be entitled to recover for the aggravation of a preexisting condition, except to the extent that the*

*work-related injury causes increased disability. Any award of compensation shall be reduced by the amount of functional impairment determined to be preexisting."* L. 1993, ch. 286, § 24. See Rebein, *The Kansas Response to the Crisis in Workers Compensation: An Overview of the 1993 Amendments to the Kansas Workers Compensation Act,* 62 J.K.B.A. 30, 34 (June/July 1993); Shoaf, *Workers Compensation,* 4 Kansas Annual Survey, 207, 208 (1993).

Because Shain's injury occurred after July 1, 1994, the ALJ erred in denying the Fund's motion to dismiss.

The Fund has asked that we award it fees in this matter. As no earlier published case addressed the issue of Fund liability for handicapped employees injured after July 1, 1994, we decline to do so.

Reversed.