(927 P.2d 512)

No. 75,230

JAMES R. WINTERS, *Appellee,* v. GNB BATTERY TECHNOLOGIES, and HOME INSURANCE COMPANY, *Appellants,* and KANSAS WORKERS COMPENSATION FUND.

Opinion filed November 22, 1996.

*John David Jurcyk,* of McAnany, Van Cleave & Phillips, P.A. of Lenexa, for the appellant.

*James E. Martin,* of Overland Park, for the appellee.

Before ELLIOTT, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: GNB Battery Technologies (GNB) appeals a decision of the Workers Compensation Board (Board). The Board held that it did not have jurisdiction to consider GNB's appeal of the administrative law judge's (ALJ) order assessing the costs of a neutral physician's evaluation of James R. Winters to GNB. We reverse and remand.

Winters claimed injury to his lower back and general body disability as a result of throwing a piece of scrap metal into a dumps-

ter. He filed an application for a hearing before the Kansas Division of Workers Compensation. Following a pre-hearing settlement conference, the ALJ appointed a neutral physician to perform an evaluation on Winter for rating purposes and determining restrictions, if any. The ALJ ordered GNB and its insurance carrier to pay the costs of the examination and reports.

GNB applied for review before the Board. The Board found GNB's appeal to be interlocutory in nature as being made during the litigation of a workers compensation case. The Board stated the ALJ's order was neither a final order that could be reviewed pursuant to K.S.A. 44-551, nor an order entered pursuant to the preliminary hearing statute, K.S.A. 44-534a, since orders under 44-534a are limited to issues of furnishing medical treatment and payment of temporary total disability compensation. The Board concluded it did not have jurisdiction to review the ALJ's order and dismissed GNB's application for review; GNB now appeals.

The first issue before us is the Board's jurisdiction to consider GNB's appeal. "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. The entire act must be given consideration. It is the duty of the court, as far as possible, to reconcile the different provisions to make them consistent, harmonious, and sensible. See *Hall v. Roadway Express, Inc.*, 19 Kan. App. 2d 935, 938-39, 878 P.2d 846, *rev. denied* 255 Kan. 1001 (1994).

Arguments made by both parties revolve around K.S.A. 1995 Supp. 44-551(b)(1):

"Administrative law judges shall have power to administer oaths, certify official acts, take depositions, issue subpoenas, compel the attendance of witnesses and

the production of books, accounts, papers, documents and records to the same extent as is conferred on the district courts of this state, and may conduct an investigation, inquiry or hearing on all matters before the administrative law judges. *All acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days* and if no such request is made, then the board shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the administrative law judge. Review by the board shall be a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto. On any such review, the board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation or to remand any matter to the administrative law judge for further proceedings." (Emphasis added.)

GNB also relies on K.S.A. 1995 Supp. 44-555c(a), which provides in relevant part:

"There is hereby established the workers compensation board. *The board shall have exclusive jurisdiction to review all decisions, findings, orders and awards of compensation of administrative law judges under the workers compensation act.* The review by the board shall be upon questions of law and fact as presented and shown by a transcript of the evidence and the proceedings as presented, had and introduced before the administrative law judge." (Emphasis added.)

GNB argues the clear language of 44-551(b)(1) and 44-555c(a) allows the Board to review all actions by and orders of the ALJ at the request of any interested party. GNB points out the statute does not limit the Board's jurisdiction to final awards of compensation. If the legislature had so intended, it is argued, it would have so provided.

Winters responds that the legislature did not intend for either the Board or the appellate courts to review a workers compensation case until the final award had been entered. Winters contends the Board is only to review final awards and those specifically listed in K.S.A. 44-534a(a)(2):

"A finding with regard to a disputed issue of whether the employee suffered an accidental injury, whether the injury arose out of and in the course of the employee's employment, whether notice is given or claim timely made, or whether certain defenses apply, shall be considered jurisdictional, and subject to review by the board. Such review by the board shall not be subject to judicial review."

Winters makes an analogy to this court's review in a workers compensation case. An appellate court's jurisdiction is limited to a "final order" of the Board. Winters argues that the Board's review should be limited in a similar manner. K.S.A. 1995 Supp. 44-556(a) provides:

"Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals. Any party may appeal from a *final order of the board* by filing an appeal with the court of appeals within 30 days of the date of the final order. Such review shall be upon questions of law." (Emphasis added.)

With regard to final orders, in *Federal Savings & Loan Ins. Corp. v. Treaster*, 13 Kan. App. 2d 305, 770 P.2d 481 (1989), the court discussed the jurisdiction of the Court of Appeals in civil appeals to hear only appeals from final decisions. K.S.A. 60-2102(a)(4) provides that the jurisdiction of the Court of Appeals may be invoked by appeals as a matter of right from "[a] final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable." In *Henderson v. Hassur*, 1 Kan. App. 2d 103, Syl. ¶ 2, 562 P.2d 108 (1977), the court explained that a final decision under K.S.A. 60-2102(a)(4) "is one which determines all the issues in the case and not just part of the issues."

GNB contends that if this court denies its claim, irreparable injury and the absence of a remedy will result. GNB insists such a ruling is disproportionate to any purported public benefit which could be achieved by postponing a ruling. It maintains that if it is required to pay for the physician, it has no avenue or source for recovery of those costs if the order requiring payment is later reversed. GNB states that unlike compensation which has been erroneously ordered under K.S.A. 44-556(d)(1), costs which are assessed in a workers compensation matter are not recoverable from the Kansas Workers Compensation Fund (Fund).

This court recently discussed the jurisdiction of the Board under 44-551(b)(1). In *Shain v. Boeing Military Airplanes*, 22 Kan. App.

2d 913, 924 P.2d 1280 (1996), this court considered whether the Board lacked jurisdiction to review a decision of the ALJ denying the Fund's motion to dismiss. The Fund sought dismissal based on statutes relating to compensation for injuries sustained by employees with preexisting handicaps. The court stated: "K.S.A. 1995 Supp. 44-551(b)(1) states the general rule that all acts by an ALJ are subject to review by the Board upon timely written request." 22 Kan. App. 2d at 914.

*Shain* focused on whether the order denying a motion to dismiss was a preliminary award under 44-534a, which would prevent the Board's review unless the ALJ allegedly exceeded his or her jurisdiction. The court concluded that an order holding the Fund was not entitled as a matter of law to be dismissed from a case does not relate to the award of temporary benefits or medical treatment and was not a preliminary award under 44-534a. Consequently, the court decided the Board had erred in ruling that it lacked jurisdiction to review the order.

We believe a similar ruling is called for here. While the intent of the statute is not crystal clear, we note the expansive nature of the language: "All acts, findings, awards, decisions, rulings, modifications of findings or awards made by an administrative law judge shall be subject to review by the board . . . within 10 days." K.S.A. 1995 Supp. 44-551(b)(1). This is a profligate use of words if all that was intended was "final orders." We do not presume such verbal exuberance on the part of our legislature.

It appears our statutes do allow for review of orders such as those here even if they are not final orders. This is not inconsistent with our usual desire to avoid piecemeal appeals. The Board was created to allow for the speedier disposition of workers compensation cases. The Board is composed of members with extensive backgrounds in the area. It appears from the language of 44-551(b)(1) that this expertise and familiarity with the process is intended to be used in resolving many different kinds of disputed issues more quickly than can be provided by judicial review.

We note that if exception is taken to the Board's decisions on these essentially interlocutory matters, they can eventually be addressed in the courts when there is a final order. Until then, the

Board is granted appropriate discretion to decide them. This appears to strike a balance between efficiency and the availability of appellate review.

GNB also argues the ALJ acted outside of and without authority in ordering GNB and its insurance carrier to bear the cost of a neutral physician's examination and report. Because of the Board's finding of lack of jurisdiction, it did not address this issue. In the interest of judicial economy, we will visit the question.

GNB cites the general case law interpreting the Workers Compensation Act and the fact that the appellate courts have consistently held the Act to be complete within itself. It establishes a procedure covering every phase of a right to compensation and the process for obtaining and enforcing same. As a result, GNB argues the Act is complete and exclusive and the ALJ cannot go beyond its boundaries. See *Krueger v. Hoch*, 202 Kan. 319, 447 P.2d 823 (1968).

GNB argues the ALJ's order incorrectly referred to K.S.A. 44-516. GNB states the proper provision for appointment of a neutral physician, at least in this case, is K.S.A. 44-510e(a). These provisions provide in relevant part:

"In case of a dispute as to the injury, the director, in the director's discretion, or upon request of either party, may employ one or more neutral health care providers, not exceeding three in number, who shall be of good standing and ability. The health care providers shall make such examinations of the injured employee as the director may direct." K.S.A. 44-516.

"If the employer and the employee are unable to agree upon the employee's functional impairment, such matter shall be referred by the administrative law judge to an independent health care provider who shall be selected by the administrative law judge from a list of health care providers maintained by the director." K.S.A. 44-510e(a).

The distinction raised by GNB as to whether 44-516 or 44-510e is the proper authority for ordering a neutral physician to perform an independent medical examination is academic. Whether the parties dispute the injury (44-516) or whether they dispute the employee's functional impairment (44-510e), the ALJ has the authority to order a neutral/independent examination and report in

both cases. The obvious problem is that both statutes are silent as to which party will pay for the examination.

GNB contends the ALJ had no authority to order it to pay for the examination and report. GNB analogizes this situation to the district court having no more authority than that which is prescribed by statute. GNB cites *Hodges v. Lister*, 207 Kan. 260, 266, 485 P.2d 165 (1971), where the court stated: "The taxation of costs is purely a creature of statute and a court has no inherent power to award costs beyond statutory authorization."

GNB argues that if the legislature wanted the cost of the neutral physician to be assessed against the employer, it would have stated so. GNB cites several situations where the legislature has given the ALJ the authority to assess the costs to the employer and its insurance provider: (1) K.S.A. 44-510(a)—duty of employer to provide the services of health care provider, and such medical, surgical, and hospital treatment; (2) K.S.A. 1995 Supp. 44-551(e)—special local ALJ's fees and expenses shall be taxed as costs; (3) K.S.A. 44-552 and K.S.A. 77-620—ALJ to assess cost of transcript preparation to appellant; (4) K.S.A. 44-555—authority for certified shorthand reporter's fees to be assessed as costs; and (5) K.S.A. 44-553—witness fees and mileage may be taxed as costs. GNB asserts there is no statutory authority for the action taken in this case.

Winters directs the court's attention to the administrative regulations adopted by the Director of Workers Compensation. K.S.A. 44-573 provides that the Director may adopt and promulgate such rules and regulations as he or she deems necessary for the purpose of administering and enforcing the provisions of the Workers Compensation Act. The Kansas Administrative Regulations clearly address the current situation. K.A.R. 51-9-6 provides as follows:

"**Neutral Physician.** If a neutral physician is appointed, the written report of that neutral physician shall be made a part of the record of hearing. Either party may cross examine each neutral physician so employed. The fee of the neutral physician giving such testimony shall be assessed as costs to a party at the administrative law judge's discretion."

The Kansas Workers Compensation Handbook § 6.06 D (1990), also supports the discretionary nature of assessing the cost of a neutral physician. "Where there is dispute about the existence or

effects of the worker's injury, the director may appoint up to three neutral physicians to examine the worker. The court may assess the costs of the neutral physician's examination to any party. K.S.A. 44-516; K.A.R. 51-9-6."

The ALJ had the discretion to assess the cost of a neutral physician to either Winters or GNB. GNB provides no instance of how the ALJ abused its discretion in ordering it to cover the cost. GNB also argues the ALJ acted with partiality and without authority in direct contravention of the Workers Compensation Act. It cites K.S.A. 44-523, which mandates the ALJ to insure the employee and employer an expeditious hearing and to "act reasonably without partiality." However, GNB provides no supporting facts demonstrating partiality, nor are such facts apparent in the record.

Reversed and remanded for further proceedings consistent with this decision.