(992 P.2d 808)
No. 80,57█

ALICE BRYANT, *Appellee,* v. U.S.D. No. 259, *Respondent/Self-Insured/Appellant,* and WORKERS COMPENSATION FUND.

Opinion filed April 16, 1999.

*Robert G. Martin* and *Richard J. Liby,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellant.

*W. Walter Craig,* of Law Offices of Prochaska & Scott, of Wichita, for appellee.

Before GREEN, P.J., ROGG, S.J., and JAMES P. BUCHELE, District Judge, assigned.

GREEN, J.: U.S.D. No. 259 (U.S.D. 259), the employer, appeals from an order of the Workers Compensation Board (Board). The Board determined that the administrative law judge (ALJ) had not exceeded her authority when she granted Alice Bryant, the injured employee, her request for a change of treating physician. Further, the Board determined that it lacked authority to review this post-award of medical benefits. On appeal, U.S.D. 259 contends that the ALJ exceeded her jurisdiction by granting Bryant's request to change doctors. We disagree. In addition, U.S.D. 259 contends that the Board wrongly determined that it lacked jurisdiction over this appeal. We agree but affirm.

Bryant was employed by U.S.D. 259 when she sustained a work-related injury to her back in 1994. Dr. Sparks had treated Bryant for back problems before and after her work-related injury, and Dr. Ekengren was her family physician. In his deposition, Sparks testified he had released Bryant from his care in 1995 and was no longer treating her. Although he released Bryant at maximum medical improvement, Sparks testified Bryant would need future medical care, including prescription medication.

Bryant was awarded compensation, which included future medical care. In addition, U.S.D. 259 was ordered to pay the costs of pain medication prescribed by her authorized physician. The authorized physician was not designated in the award.

When Bryant went to Ekengren for pain medication, he referred her to Dr. Manasco for epidural steroid injections. Bryant informed U.S.D. 259 that she had gone to Ekengren and asked U.S.D. 259 to reimburse her for the outstanding bills. U.S.D. 259 responded by letter, stating: "It is obvious that this does not conform with such treatment being recommended or prescribed by the authorized treating physician in this case, *i.e.*, Dr. Sparks. Thus, please be advised that the bill is considered by USD #259 to be unauthorized medical and thus, subject to a limitation of $500."

Bryant filed an application for a preliminary hearing. A hearing was held before the ALJ. After the parties presented arguments, the ALJ found Bryant was in need of post-award medical care and ordered U.S.D. 259 to provide Bryant with a list of three physicians. The physician selected by Bryant was to be deemed authorized. The ALJ also ordered U.S.D. 259 to pay Ekengren's outstanding medical bills as unauthorized medical, up to the statutory limit.

U.S.D. 259 appealed the order to the Board. The Board dismissed the appeal, finding it lacked authority to review the order because the ALJ had not exceeded her jurisdiction in granting Bryant's requested preliminary hearing benefits.

*Jurisdiction*

This court does not have jurisdiction to review the Board's dismissal of appeals of preliminary orders. Under K.S.A. 44-556(a),

"[a]ny action of the board pursuant to the workers compensation act, *other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto*, shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals." (Emphasis added.)

Furthermore, K.S.A. 44-551(b)(2)(A) provides that if the ALJ enters a preliminary award under 44-534a, the Board shall not conduct a review unless it is alleged that the ALJ has exceeded the ALJ's jurisdiction in ruling on the relief requested at the preliminary hearing. See *Shain v. Boeing Military Airplanes*, 22 Kan. App. 2d 913, 914, 924 P.2d 1280 (1996). This issue involves interpretation of the Workers Compensation Act. Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

On appeal, U.S.D. 259 argues that this court has jurisdiction to review the Board's order because the order entered by the ALJ was not a "preliminary" order or award arising from a "preliminary" hearing as described in K.S.A. 44-534a. It claims that although K.S.A. 44-534a gives the ALJ the authority to order medical treatment pending a full hearing on the claim, a full hearing on the claim had already been conducted by the Director and a final award entered. In addition, U.S.D. 259 contends that because the hearing was not preliminary, the Board erred in declining to review the ALJ's order for lack of jurisdiction.

As indicated, K.S.A. 44-534a sets forth the procedures applicable to preliminary hearings and awards. K.S.A. 44-534a(a)(1) authorizes an employee or employer to apply for a preliminary hearing "on the issues of the furnishing of medical treatment and the payment of temporary total disability compensation." K.S.A. 44-534a(a)(2) provides that the ALJ, after making a preliminary finding that the injury to the employee is compensable, may "make a preliminary award of medical compensation and temporary total disability compensation to be in effect pending the conclusion of a full hearing on the claim."

"Under the plain language of 44-534a, the term 'preliminary award' refers to an award arising out of a preliminary hearing which provides for medical benefits and/or temporary total compensation. [Citations omitted.]

"The purpose of a preliminary hearing 'is to make a summary determination whether the claimant should be receiving temporary total compensation and medical treatment under the worker's compensation act.' [Citation omitted.]

. . . .

"The purpose for foreclosing appeal from a preliminary award is 'to afford the injured employee immediate access to medical and necessary living expenses pending a full hearing.' [Citation omitted.]" *Shain*, 22 Kan. App. 2d at 915.

Turning our attention to the present case, the order issued by the ALJ is not a preliminary order as described in K.S.A. 44-534a. For example, the order did not precede the Director's final order but followed the final order. The record contains no evidence that a full hearing was scheduled or was going to be scheduled as described in the statute. Nothing in the order indicates it was temporary; rather, it appears to be final. Although the order states that the hearing was a preliminary hearing, it does not specify that it was a preliminary order. The proceedings were more like the review and modification proceedings described in K.S.A. 44-528 and the change of physician proceedings described in K.S.A. 44-510(c)(1).

K.SA. 44-551(b)(1) states that "[a]ll acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days." U.S.D. 259 appealed the ALJ's order within 10 days. Because the order was not preliminary, the Board had authority to review it. In summary, when an ALJ considers and enters a decision involving an employee's request for medical benefits and the employee's request for medical benefits occurs after a final order or award has been made in the case, the order or decision of the ALJ shall be subject to review by the Board under K.S.A. 44-551(b)(1). As a result, the Board erred in dismissing the appeal on jurisdictional grounds.

*Merits of the Case*

Next, we must ask ourselves if we need to remand this case to the Board for determination of the merits. U.S.D. 259 only takes issue with the ALJ's order requiring it to provide an authorized physician other than Sparks. U.S.D. 259 presents this court with

the same issues it presented to the Board and specifically asks that this court review the decisions of the Board and the ALJ. Thus, in the interest of judicial economy, we will address the merits of U.S.D. 259's appeal. See *Winters v. GNB Battery Technologies*, 23 Kan. App. 2d 92, 97, 927 P.2d 512 (1996).

U.S.D. 259 argues that the ALJ exceeded her jurisdiction in granting relief not requested in Bryant's notice of intent. Specifically, U.S.D. 259 claims Bryant did not request a change of authorized physician, but rather limited her request to the authorization of Ekengren and reimbursement for incurred medical expenses. U.S.D. 259 argues it was prejudiced by the ALJ's characterization of Bryant's request for a change of benefits as a motion for change of physician, because it did not receive proper notice.

U.S.D. 259 also claims that the ALJ exceeded her jurisdiction in ordering U.S.D. 259 to provide the names of three potential authorized physicians because there was no showing that Sparks' treatment was unsatisfactory. U.S.D. 259 argues it has the right to designate a treating physician and Bryant must return to Sparks before she can demonstrate his treatment is unsatisfactory. The issue of whether an ALJ had jurisdiction to enter an award is a question of law subject to de novo review. *Bradford v. Boeing Military Airplanes*, 22 Kan. App. 2d 868, 871, 924 P.2d 1263, *rev. denied* 261 Kan. 1082 (1996).

K.S.A. 44-528 provides the procedures for review and modification of an award. Under the statute, an award, whether it provides for future compensation or not, may be reviewed by the ALJ for good cause shown by any interested party. K.S.A. 44-510(c)(1) describes the change of physician proceeding. It is the duty of the employer to provide the services of a health care provider. K.S.A. 44-510(a). Under K.S.A. 44-510(c)(1), the employee may ask the ALJ to authorize the appointment of some other health care provider after finding the services provided by the employer are unsatisfactory. In such a case, the employer must submit the names of three physicians. The employee selects one name from the list, and that physician is deemed authorized.

Although Bryant's filing under the preliminary hearing procedures in this case was improper, Bryant's failure to follow proper

procedures does not automatically require reversal of the ALJ's order. Under K.S.A. 44-534(a), any party may apply in writing to the Director to have an ALJ resolve a dispute. In reviewing cases, the ALJ "shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence, insure the employee and the employer an expeditious hearing and act reasonably without partiality." K.S.A. 44-523(a).

The award entered by the Director allowed Bryant to seek future medical treatment upon application and review. When U.S.D. 259 refused to pay for medical costs she incurred from seeing Ekengren, Bryant applied in writing for a review. Approximately 2 months before the hearing, Bryant furnished U.S.D. 259 with notice that she intended to ask the ALJ to authorize Ekengren. At least 1 year before the hearing, U.S.D. 259 had knowledge that Sparks had released Bryant and was no longer treating her.

The ALJ did not recharacterize Bryant's request for a change in benefits as a motion for a change of physician as U.S.D. 259 suggests. Sparks' status as the authorized physician was in dispute. The ALJ simply resolved the dispute by utilizing a method similar to that set forth in K.S.A. 44-510(c)(1).

U.S.D. 259 was provided with sufficient notice that Bryant was not receiving treatment from Sparks and wished to have Ekengren authorized. It was afforded a reasonable opportunity to be heard and present evidence. Nothing in the record indicates the ALJ acted unreasonably or with partiality. The ALJ neither authorized Ekengren nor required U.S.D. 259 to pay the outstanding medical bills as Bryant requested. Although this case was procedurally irregular, the ALJ did not exceed her jurisdiction in ordering U.S.D. 259 to submit the names of three physicians for authorization.

Affirmed.