NOT DESIGNATED FOR PUBLICATION

No. 113,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JORGE DOMINGUEZ,
*Appellee*,

v.

E & J TRANSPORT,
*Appellant*.

MEMORANDUM OPINION

Appeal from the Workers Compensation Board. Opinion filed August 26, 2016. Appeal dismissed.

*Shirla R. McQueen*, of Sharp McQueen, P.A., of Liberal, for appellant.

*Paul V. Dugan*, of Dugan & Giroux Law, Inc., of Wichita, for appellee.

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

*Per Curiam*: E & J Transport seeks review of a preliminary order finding that it is subject to the Workers Compensation Act (Act) and ordering medical treatment for its injured employee. We decline to do so because we have no jurisdiction to consider this nonfinal order, and we dismiss this appeal.

Jorge Dominguez sustained injuries from a vehicle accident while working for E & J Transport, a trucking company owned by Geyla Varela. The primary business of E & J is hauling loads of grain or manure using its own employees or by brokering out the job to another carrier if an E & J employee is unavailable to do the work. Dominguez was transporting a load for E & J when he was involved in a motor vehicle accident and

1

suffered injuries to his face, legs, and back. He filed an application for medical treatment with the Kansas Division of Workers Compensation.

At a preliminary hearing, the primary issue before the Administrative Law Judge (ALJ) was whether E & J was subject to the Workers Compensation Act. Varela contended that E & J was exempt under K.S.A. 44-505(a)(2) because the total gross annual payroll of the business for the preceding calendar year for all employees, except her family members, did not exceed the $20,000 threshold for workers compensation coverage, and the payroll was not likely to exceed the threshold in the current year.

Dominguez testified at the hearing, Varela testified by way of her deposition, and several exhibits were received into evidence. The parties are familiar with the details of the evidence, and we need not recount it here. It suffices to say that E & J argued that the evidence supported its contention that it was not subject to the Act. On the other hand, Dominguez argued that Varela's wage documentation used to support E & J's defense to the claim was inaccurate and not credible.

The ALJ noted deficiencies in E & J's payroll records. The payroll exhibits did not contain dates of payments and last names for some of the employees receiving payments. For 2014, the year of the accident, no copies of W-2 forms were provided, only an attached sheet showing a payroll of $19,044.88. The payroll exhibit did not contain check numbers corresponding to the payments. The ALJ concluded:

> "Based on the evidence provided, it is found that the respondent should be subject to the Workers' Compensation Act. The testimony and evidence provided do not convince this court that the respondent's annual gross payroll was less than $20,000.00 in 2013 or 2014. The claimant's request for medical treatment should be and the same is hereby granted and ordered to be provided and paid for by the respondent."

E & J sought review by the Workers Compensation Board (Board). Both E & J and Dominguez briefed the matter before the Board. Pursuant to K.S.A. 2015 Supp. 44-551(l)(2)(A), the matter was heard by one member of the Board who affirmed the ALJ's order, stating:

> "Claimant has the burden to prove that respondent exceeded the $20,000 threshold. In attempting to carry out such a burden, claimant subpoenaed respondent's business records and took Ms. Varela's deposition. While the record does not contain absolute documentary proof that respondent's payroll exceeded $20,000 (such as copies of checks to employees), claimant nonetheless prevails based on circumstantial evidence. As noted by the judge, respondent's payroll documentation for both 2013 and 2014 is lacking, consisting largely of one page for each year. Tax records show no wages. The 2013 payroll sheet lists payees and amounts, but no check numbers or dates of payments. The 2014 payroll sheet randomly lists check numbers and payees, but not dates of payments.
>
> "Conspicuously absent from the record is documentation of wages paid to Martin Ruiz, claimant's boss, or Martin Esparza, a dispatcher and mechanic who has been employed by respondent since it started operations."

The Board questioned the classification of employees as family members or independent contractors under the Act, concluding: "Even if excluding wages paid to Ms. Varela's relatives, this Board Member concludes respondent's payroll exceeded $20,000 in 2013 and would reasonably have been expected to exceed $20,000 in 2014."

E & J sought review by this court. We issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction. See K.S.A. 2015 Supp. 44-556(a). The parties responded, and we retained the appeal but ordered the parties to further brief the jurisdictional issue. This brings the matter now before us.

Whether jurisdiction exists is a question of law over which we have unlimited review. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). We likewise

3

have unlimited review over the interpretation of statutes. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

In Kansas, the right to appeal is entirely statutory, and our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by a statute. *Harsh v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). An appellate court cannot expand or assume jurisdiction where a statute does not provide it. *Jones v. Continental Can Co.*, 260 Kan. 547, 558, 920 P.2d 939 (1996).

The parties agree that this appeal is from a preliminary order and not a final order. K.S.A. 2015 Supp. 44-556(a) states:

> "Any action of the board pursuant to the workers compensation act, *other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a*, and amendments thereto, shall be subject to review in accordance with the Kansas judicial review act by appeal directly to the court of appeals." (Emphasis added.)

Under K.S.A. 2015 Supp. 44-534a(a)(1), a party may file an application for a preliminary hearing on the issues of furnishing medical treatment. At such a preliminary hearing, the ALJ can make a summary determination of whether the claimant is entitled to medical treatment under the Act. *Shain v. Boeing Military Airplanes*, 22 Kan. App. 2d 913, 915, 924 P.2d 1280 (1996). K.S.A. 2015 Supp. 44-534a(a)(2) permits preliminary hearing decisions by the ALJ on jurisdictional issues to be reviewed by the Board, but not by the courts:

> "Such preliminary hearing shall be summary in nature . . . and the administrative law judge shall exercise such powers as are provided for the conduct of full hearings on claims under the workers compensation act. . . . A finding with regard to a disputed issue of whether the employee suffered an accident, repetitive trauma or resulting injury, whether the injury arose out of and in the course of the employee's employment, whether

4

notice is given, or whether certain defenses apply, shall be considered jurisdictional, and subject to review by the board. *Such review by the board shall not be subject to judicial review.* If an appeal from a preliminary order is perfected under this section, such appeal shall not stay the payment of medical compensation and temporary total disability compensation from the date of the preliminary award." (Emphasis added.)

K.S.A. 2015 Supp. 44-534a(a)(2) further explains the preliminary nature of these awards: "Except as provided in this section, no such preliminary findings or preliminary awards shall be appealable by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts."

Because the appeal in this case is from a preliminary order and not a final decision, pursuant to K.S.A. 2015 Supp. 44-556(a) and K.S.A. 2015 Supp. 44-534a(a) this court lacks jurisdiction over this appeal.

But E & J argues that *Hall v. Knoll Building Maintenance, Inc.*, 48 Kan. App. 2d 145, 285 P.3d 383 (2012), and *Rivera v. Cimarron Dairy*, 267 Kan. 865, 988 P.2d 235 (1999), hold to the contrary.

In *Hall*, the claimant made a claim for workers compensation benefits after he fell from a ladder and was injured while working for the respondent-employer. The employer claimed the Act did not apply because: (1) K.S.A. 44-505(a)(2) provided an exclusion for family members; and (2) all of the employer's shareholders are members of the same family. But K.A.R. 51-11-6 expressly stated that the family-member exclusion as provided in K.S.A. 44-505 did not apply to corporate employers. Thus, the ALJ determined that the employer was subject to the Act, and the Board affirmed.

While the appeal was pending in this court, Hall moved to dismiss the appeal because we lacked jurisdiction to hear it. A panel of our court denied the motion, apparently before the case was assigned to the panel that ultimately considered the merits

of the case. With no recognition or discussion of K.S.A. 44-534a(a)(2) or the statutory limits on judicial review, the panel deciding the case simply stated without analysis that "Hall's motion to dismiss was denied because the petition for judicial review presents a jurisdictional issue reviewable by this court." *Hall*, 48 Kan. App. 2d at 149. This court then addressed the merits and affirmed the ALJ and the Board on the legal determination that the family-member exclusion set forth in K.S.A. 44-505(a)(2) did not apply to corporate employers.

While the ultimate decision in *Hall* was sound, the court's decision to consider the appeal was not. We are not persuaded by *Hall*, and we are not bound to follow it. See *Osterhaus v. Toth*, 39 Kan. App. 2d 999, 1008, 187 P.3d 126 (2008).

In *Rivera*, our Supreme Court reviewed a decision by the Board resulting from a preliminary hearing. There, the Board held that an agricultural dairy enterprise was not subject to the Act and, therefore, the employee was not entitled to benefits. The dairy argued that the Board's decision was not subject to judicial review because preliminary hearings are not generally appealable.

Our Supreme Court concluded that it had jurisdiction in *Rivera* because "there has been a full presentation of the facts regarding jurisdiction" and "[t]he Board's order dismissing the cases for lack of jurisdiction was a final order." 267 Kan. 869. In *Rivera*, contrary to our present case, there would be no additional proceedings under the Act on the employee's claim.

Unlike in *Rivera*, the ALJ's decision in our present case did not end the matter. The ALJ and the Board found that E & J was subject to the Act and ordered E & J to provide medical treatment for Dominguez' job-related injuries. But this decision was a preliminary award following a preliminary hearing which was summary in nature. As such, an award of temporary medical compensation "shall not be binding in a full hearing

6

on the claim, but shall be subject to a full presentation of the facts." K.S.A. 2015 Supp. 44-534a(a)(2).

Because E & J's bookkeeping was incomplete, the evidence did not definitely prove that coverage under the Act was proper. But the ALJ and the Board found that circumstantial evidence was sufficient to find that Dominguez was entitled to benefits under the Act. As stated in K.S.A. 2015 Supp. 44-534a(a), this preliminary ruling did not foreclose further consideration of the issue at the time of a full presentation of the facts at the regular hearing. *Rivera* does not control.

E & J argues in the alternative that we should consider this appeal as an interlocutory appeal of a nonfinal order under K.S.A. 77-608, which provides:

> "A person is entitled to interlocutory review of nonfinal agency action only if:
> "(a) It appears likely that the person will qualify under K.S.A. 77-607 for judicial review of the related final agency action; and
> "(b) postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement."

(K.S.A. 77-607, cited in this statute, refers to the person having standing, having exhausted administrative remedies, and the like.)

E & J relies on subsection (b) of K.S.A. 77-608 in contending that postponement of consideration of its appeal will result in it having an inadequate remedy or suffering irreparable financial harm disproportionate to the public benefit derived from the postponement. It argues that if it is "required to proceed through a Regular Hearing and, then, possibly through another appeal to the Appeals Board before finally being able to see[k] appellate review, E & J will unlikely be able to recover the entirety of its financial losses."

7

In *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 754, 199 P.3d 781 (2009), our Supreme Court rejected a similar argument that the appellant will suffer irreparable harm and dismissed the appeal from a nonfinal agency order. The Court noted that the appellant "describes no harm that he has suffered other than the normal and usual inconvenience associated with such proceedings" and therefore failed to meet the prerequisites set forth in K.S.A. 77-608(b). 287 Kan. at 754.

The normal costs associated with pursuing an action to its final resolution are not a basis for requiring an appellate court to hear an interlocutory appeal. Otherwise, the distinction between interlocutory orders and final orders would become meaningless and appellate courts would be required to consider all interlocutory appeals.

With respect to the costs of medical care E & J has been ordered to pay for Dominguez while the case is pending, K.S.A. 2015 Supp. 44-534a(a)(2) provides that the Kansas Worker's Compensation Fund (Fund) will provide workers compensation benefits to a claimant whose employer is unable to pay the benefits ordered by the ALJ. Further, if it is later determined that E & J was wrongfully compelled to pay Dominguez' medical bills, K.S.A. 44-534a(b) provides that the Fund will reimburse E & J for any benefits paid to Dominguez.

E & J fails to establish that we have jurisdiction to consider this interlocutory appeal pursuant to K.S.A. 77-608. Accordingly, we have no jurisdiction to consider the merits of this appeal.

Appeal dismissed.